**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

OCT 2 5 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | |
| WILLIAM JOSEPH DUBIN (1) | § | Civil Action No.  AU-17-CR-227(1, 2)-XR |
| DAVID FOX DUBIN (2) | § | |
| | § | |

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury**:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or

1

follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses,

including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

### EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## NOTE TAKING

At the start of the trial, I told you that you were free to take notes during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the evidence was. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendants beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses, including the defendants, who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendants should be weighed and their credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve.

6

## VENUE - CONSPIRACY

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Western District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to effect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Western District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Austin, Texas is located in the Western District of Texas.

## ON OR ABOUT

You will note that the indictment charges that the offenses were committed on or about a specified date or date range. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged. The defendants are not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict

as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CAUTION—PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## MULTIPLE DEFENDANTS—MULTIPLE COUNTS

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

## SIMILAR ACTS

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

(1) Whether the defendant had the state of mind or intent necessary to commit the crimes

charged in the indictment; or

8

(2) Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment; or

(3) Whether the defendant acted according to a plan or in preparation for commission of a crime; or

(4) Whether the defendant committed the acts for which he is on trial by accident or mistake.

## "KNOWINGLY"—TO ACT

The word "knowingly," as that term is used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## DELIBERATE IGNORANCE

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

A deliberate ignorance instruction does not lessen the Government's burden to show, beyond a reasonable doubt, that the knowledge elements of the crimes have been satisfied.

## "WILLFULLY"

The word "willfully" as that term is used in these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

## COUNT ONE — CONSPIRACY TO PAY ILLEGAL KICKBACKS
### 18 U.S.C. § 371

Title 18 United States Code § 371 makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States. Count One charges Defendants William Joseph Dubin and David Fox Dubin with conspiring to pay illegal kickbacks to Glen Elwood McKenzie, Jr. for patient referrals in violation of the federal anti-kickback law, Title 42, United States Code, Section 1320a-7b(2).

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the Defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the Defendant and at least one other person made an agreement to commit the crime of knowingly and willfully offering to pay or paying any remuneration (including a kickback) to a person to induce such person to refer patients for the furnishing or arranging of any item or service for which payment may be made in whole or in part under a federal health care program, as charged in the indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; *and*

*Third:* That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

## COUNTS SEVEN THROUGH ELEVEN – OFFERING TO PAY AND PAYING ILLEGAL REMUNERATION (KICKBACKS) 42 U.S.C. § 1320a-7b(b)(2)

Title 42 United States Code Section 1320a-7b(b)(2) makes it a crime to pay any remuneration designed to encourage an individual to refer another party to a Medicare provider for services to be paid for by the Medicare program. Counts Seven through Eleven charge the Defendants with offering to pay and paying remuneration to Glen Elwood McKenzie, Jr. to

11

induce him to refer patients in violation of this law. For you to find Defendants guilty of those crimes, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First:* That the Defendant offered to pay or did pay any remuneration (including any kickback or bribe), directly or indirectly, overtly or covertly, in cash or in kind to Glen Elwood McKenzie, Jr.;

*Second:* That the remuneration was offered or paid to induce Glen Elwood McKenzie, Jr. to refer an individual to William Joseph Dubin and David Fox Dubin or their company known as Psychological Arts for the furnishing or arranging for the furnishing of any psychological service;

*Third:* That the psychological service was one for which payment was or might be made, in whole or in part, under a federal health care program; and

*Fourth:* That the Defendant acted knowingly and willfully when offering to pay or paying the remuneration.

The word "knowingly," as that term has been used in the instructions for these counts, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The government is not required to prove the defendant had actual knowledge of the Anti-Kickback Statute or the specific intent to violate it. The government must prove that the defendant willfully committed an act that violated the Anti-Kickback Statute.

In deciding the third element above, you are instructed that the Texas Medicaid Program is a federal health care program.

The Government must prove beyond a reasonable doubt that one purpose for the offering or paying of a remuneration was to induce the referral of an individual to a person for any item

or service for which payment may be made in whole or part under a federal health care program. The Government need not prove all of the purposes, or even the primary purpose of the remuneration, but only that one purpose of the offering and paying of the remuneration was to induce a referral. It is not a defense that there were other reasons for the offering or payment of a remuneration if you find beyond a reasonable doubt that one purpose for the offering or payment was to induce the referral.

### COUNT TWELVE — CONSPIRACY TO COMMIT HEALTH CARE FRAUD
### 18 U.S.C. § 1349

In Count Twelve, Defendants are charged with conspiring with each other and with others to commit the offense of health care fraud. Title 18, United States Code, Section 1349 makes it a crime to conspire with someone else to commit health care fraud as defined in Title 18, United States Code, Section 1347. The elements of the crime of health care fraud as defined in 18 U.S.C. § 1347 are set forth below in the instructions for Counts Thirteen through Nineteen.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of health care fraud (the elements of which are discussed below), as charged in the indictment; and

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

## COUNTS THIRTEEN THROUGH NINETEEN – HEALTH CARE FRAUD
### 18 U.S.C. § 1347

Counts Thirteen through Nineteen charge the defendants with committing health care fraud in violation of Title 18 U.S.C. § 1347. Title 18, United States Code, Section 1347(a), makes it a crime for anyone to knowingly and willfully execute or attempt to execute a scheme or artifice (1) to defraud any health care benefit program, or (2) to obtain any of the money or

property owned by or under the custody or control of any health care benefit program by means of false or fraudulent pretenses, representations, or promises.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly and willfully executed a scheme or artifice to defraud a health care benefit program, namely the Texas Medicaid Program, or to obtain money or property from a health care benefit program, namely the Texas Medicaid Program, by means of false or fraudulent pretenses, representations, or promises in connection with the delivery of or payment for health care benefits, items, or services;

*Second*: That the defendant acted with a specific intent to defraud a health care benefit program, namely the Texas Medicaid Program;

*Third*: That the false or fraudulent pretenses, representations, or promises that the defendant used or made were material; and

*Fourth*: That the operation of the health care benefit program (the Texas Medicaid Program) affected interstate commerce.

A "scheme or artifice" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

A "health care benefit program" is defined as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit item, or service, for which payment may be made under the plan or contract."

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

The government does not have to prove that the defendant had actual knowledge of or specific intent to violate the applicable health care fraud statutes.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation is also "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false representation is "material" if it has a natural tendency to influence, or is capable of influencing, the institution to which it is addressed.

"Interstate commerce" means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia. "Commerce" includes travel, trade, transportation, and communication. Only a minimal effect is required in order to show that the health care benefit program "affected commerce." Proof that the money obtained through execution of the scheme was paid through a financial institution insured by the FDIC, for example, is sufficient to establish that the activity "affected commerce."

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature of the alleged scheme, or that the alleged scheme actually succeeded in defrauding someone. What must be proven beyond a reasonable doubt is that the accused knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the indictment.

You have heard testimony about Medicaid's civil rules and regulations. A violation of a regulation or rule is not in itself a criminal offense. Such a violation may subject a company or an individual to civil penalties, but that is not the same thing as a crime. To show that one or more of the defendants committed the charged criminal offenses, the prosecution must prove all the elements of the crimes charged, beyond a reasonable doubt. Evidence that may show noncompliance with a regulation or a rule does not necessarily show that any of the defendants had the necessary intent or state of mind to commit the crimes charge. Nor does such evidence meet the prosecution's burden of proving each element of the alleged crimes, beyond a reasonable doubt. You may consider the evidence of a violation of a regulation or rule for the limited purpose of determining whether that defendant had the knowing and willful state of mind necessary to commit the crimes charged.

With respect to these Counts, the prosecution also charges that the defendants aided and abetted the commission of these alleged offenses under Title 18, United States Code, Section 2. Under this law, the guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of aiding and abetting this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of health care fraud (see page 15), was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

18

**COUNTS TWENTY THROUGH TWENTY-FIVE – AGGRAVATED IDENTITY THEFT**
**18 U.S.C. § 1028A(a)(1)**

Title 18, United States Code, Section 1028A(a)(l), makes it a crime for anyone to knowingly transfer, possess, or use, without lawful authority, a means of identification of another person during and in relation to a felony relating to theft of government money or property.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly used a means of identification of another person;

*Second*: That the defendant did so without lawful authority;

*Third*: That the defendant used the means of identification of another person during and in relation to either the offense of conspiracy to commit health care fraud or the offense of health care fraud; and

*Fourth*: That the defendant knew that the means of identification in fact belonged to another real person, living or dead.

"Means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, or employer or taxpayer identification number.

"Without lawful authority" means that the defendant transferred, possessed, or used another's means of identification without that person's permission or having obtained that person's permission illegally.

To be found guilty of this crime, the defendant does not have to actually steal a means of identification. Rather, the statute criminalizes a situation in which a defendant gains access to a person's identifying information lawfully, but then proceeds to use that information unlawfully and in excess of that person's permission.

With respect to these Counts, the prosecution also charges that the defendants aided and abetted the commission of these alleged offenses under Title 18, United States Code, Section 2. Under this law, the guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of aiding and abetting this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of aggravated identity theft (see page 19) was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

### DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website

such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

SIGNED this 25th day of October, 2018.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE